824 F.2d 979
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frank HRUBOCHAK, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3074.
 United States Court of Appeals, Federal Circuit.
 June 8, 1987.
 
 Before MARKEY, Chief Judge, and NEWMAN and BISSELL, Circuit Judges.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board), Docket No. DE831L8610135, affirming the determination of the Office of Personnel Management (OPM) terminating petitioner's disability retirement benefits, is affirmed.
 
 OPINION
 
 2
 On appeal to this court, petitioner argues that the agency committed a substantial departure from important procedural rights, misconstrued the governing legislation, or some like error going to the heart of the administrative process. We are not convinced that any such error occurred. This court has consistently held that an individual seeking retirement benefits has the burden of proving entitlement to a disability annuity. Cheeseman v. OPM, 791 F.2d 138, 140-41 (Fed.Cir.1986). The August 12, 1985 report of petitioner's own doctor states that petitioner's "[p]rognosis is ... poor for any change in allergy status. No hazard to self or others in performing similar job [to that of part-time bartender and snack clerk] but environment would have to be non-smoky and non-dusty." Agency Transcript, Exhibit D. This is not evidence that meets the burden of proving continued entitlement to disability. See 5 U.S.C. Sec. 8337(d) (If an annuitant recovers from his disability, payment of the annuity terminates 1 year after the date of the medical examination showing the recovery). While petitioner argues that his doctor was not provided with a job description for petitioner's last held position, an alleged violation of 5 C.F.R. Sec. 339.302, this issue was not presented to OPM or to the Board and will not be considered on appeal. See Stokes v. FAA, 761 F.2d 682, 683 n. 1 (Fed.Cir.1985). The decision of the Board is affirmed.